vivor of herself and Thomas Dickinson, deceased, co-partners. No opinion. Order affirmed, with $10 costs and disbursements.

ERNST et al., Appellants, v. SAPERY, Respondent. (Supreme Court, Appellate Division, First Department. April 9, 1897.) Action by Morris L. Ernst and others against Sarah Sapery. D. Gerber, for appellants. F. M. Evarts, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

FIRST NAT. BANK OF PLAINFIELD, N. J., Respondent, v. HARRISON et al., Appellants. (Supreme Court, Appellate Division, First Department. April 9, 1897.) Action by the First National Bank of Plainfield, N. J., against Robert L. Harrison, as trustee, impleaded with Ellen J. H. Haight et al. Alfred H. Byrd, for appellants. Eugent H. Hatch, for respondent.

INGRAHAM, J. We think that by the sale of the property in separate parcels, and by selecting the stable, which was the least valuable of the parcels, to be sold first, the respondent intended to and did place the appellant in an extremely embarrassing position upon the sale, which prevented him from protecting his interest. That this position arose somewhat from his own neglect is true; but as the purchaser was the plaintiff, who was only entitled to be paid the amount of his lien, and as the sale has destroyed the security for the payment upon the city property of the amount due him under the appellant's mortgage, the plaintiff can suffer no injury by ordering a resale on condition that the defendant Harrison agrees to bid upon the resale the amount due to the plaintiff and interest, and agrees to pay the cost of such resale, including a counsel fee of $100 to the plaintiff's attorney. The question is as to just what can be done upon the resale to allow the respondent to bid in such a way as to protect his interest. The property could be ordered sold in one parcel, but for the fact that a portion of it is in the county of Westchester, and another portion in the county of New York. As, however, the amount bid by the plaintiff upon the two pieces in New York was almost sufficient to pay the mortgage; and, as the appellant's statements show that this property is worth much more than the amount bid by the plaintiff, it seems that the appellant could be protected by directing that the two pieces of property situated in this county be sold together, and the order directing that the resale be conditioned upon the defendant Harrison's filing a bond, with sufficient security, conditioned that he would bid upon those two pieces in New York, when sold together, an amount sufficient to pay the plaintiff's judgment, with interest and costs. The judgment, which directs the property to be sold "separately when the same may be so sold without material injury to the parties interested," will not stand in the way of such sale, because it is apparent that the two pieces of property located within this county cannot be sold separately·without material injury to the interests of the defendant; and as long as the plaintiff has a bond by which the amount to be bid will pay the judgment, with interest and costs,

no injury can come to it by having the property sold together. The order appealed from will therefore be reversed, and a resale ordered, upon the appellant paying to the referee a sum of money to be fixed by the referee, which shall be sufficient to pay the costs and expenses of a resale, and to the plaintiff's attorney a counsel fee of $100, as compensation to him for the services necessary upon such resale and upon this motion, and, in addition, $10 costs and disbursements of this appeal, and filing a bond, with sufficient surety, conditioned upon his bidding upon such resale, for the two pieces of property located in New York, an amount equal to what is due to the plaintiff under the judgment, with interest thereon, and the costs and expenses of this action, including the referee's fees and disbursements. Upon such resale the property located in the county of New York shall be sold as one parcel. If the appellant refuses to accept these conditions, then the order appealed from is affirmed, with $10 costs and disbursements. VAN BRUNT, P. J., dissenting.

FLYNN, Respondent, v. NEIL, Appellant. (Supreme Court, Appellate Term, First Department. March 24, 1897.) Action by Thomas Flynn against William Neil. A. E. Hagemann, for appellant. Jose E. Pidgeon, for respondent. No opinion. Appeal from order (43 N. Y. Supp. 1154) dismissed, with costs.

FOLEY, Respondent, v. FOLEY, Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Helen M. Foley against John R. Foley. No opinion. Order denying motion to compel plaintiff to accept answer reversed, and motion granted, without costs. See 41 N. Y. Supp. 1115.

FOLEY, Respondent, v. FOLEY, Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Helen M. Foley against John R. Foley. T. M. Tyng, for appellant. Wm. Allen, for respondent. No opinion. Order requiring defendant to pay counsel fee and alimony affirmed, with $10 costs and disbursements. See 41 N. Y. Supp. 1115.

FORDHAM v. GOUVERNEUR VILLAGE. (Supreme Court, Appellate Division, Third Department. March 3, 1897.) Action by Charles F. Fordham, as administrator, against Gouverneur Village. C. A. Kellogg, for appellant. William Neary, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LANDON, J. I dissent. 1. The village trustees were the water commissioners, and thus the village did the acts complained of, and further notice was unnecessary.

2. I do not think the Keeseville Case, 148 N. Y. 46, 42 N. E. 405, applies. That case holds that when a duty is not enjoined upon a village, but it may or may not undertake it at its option, if it does undertake it it is not liable for the omission to perform it thoroughly. It was a case of the lack of efficiency in an enterprise voluntarily assumed. Here the case is